**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| SIPCO, LLC,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., RUCKUS WIRELESS, INC., ARRIS US HOLDINGS, INC., ARRIS ENTERPRISES LLC, and ARRIS SOLUTIONS, INC.<br><br>　　　　　*Defendants*. | Civil Action No. 5:20-cv-00168-RWS-CMC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS COMMSCOPE HOLDING COMPANY, INC.,
COMMSCOPE INC., RUCKUS WIRELESS INC., ARRIS US HOLDINGS, INC.,
ARRIS ENTERPRISES LLC, AND ARRIS SOLUTIONS, INC.'S
<u>ANSWER TO PLAINTIFF SIPCO, LLC'S COMPLAINT</u>**

Defendants CommScope Holding Company, Inc., CommScope Inc., Ruckus Wireless, Inc., Arris US Holdings, Inc., Arris Enterprises LLC, and Arris Solutions, Inc. (collectively, "Defendants") by and through its undersigned counsel, hereby submit their Answer to the Complaint of Plaintiff SIPCO, LLC ("SIPCO" or "Plaintiff"). Any admissions herein are for purposes of this matter only. Defendants also reserve the right to take further positions and raise additional defenses that may become apparent as a result of additional information discovered subsequent to filing of this Answer.

**<u>OVERVIEW</u>**

1.　　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny them.

2.　　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore deny them.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore deny them.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore deny them.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore deny them.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore deny them.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore deny them.

8.     Defendants admit that SIPCO's Complaint purports to be a Complaint for patent infringement.  All remaining allegations in Paragraph 8 of the Complaint are denied.

## THE PARTIES

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore deny them.

10.     Defendants admit that Ruckus Wireless, Inc. is a corporation organized and existing under the laws of the State of Delaware.  Defendants admit that Ruckus Wireless, Inc. has a place of business at 350 West Java Dr., Sunnyvale, CA 94089 and maybe served through its registered agent, United Agent Group Inc., at 3411 Silverside Road, Tatnall Building, #104, Wilmington, DE 19810.  Defendants further admit that Ruckus Wireless Inc.'s business includes selling products and services throughout the United States, including in this judicial district.   All remaining allegations in Paragraph 10 of the Complaint are denied.

11.     Defendants admit that Defendant Arris US Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware.  Defendants admit that Arris US Holdings, Inc. may be served through its registered agent, United agent Group, Inc., at 3411 Silverside Road, Tatnall Building, #104, Wilmington, DE 19810.  Defendants further admit that Arris US Holdings, Inc.'s business includes selling products and services throughout the United States, including in this judicial district.  All remaining allegations in Paragraph 11 of the Complaint are denied.

12.     Defendants admit that Arris Enterprises LLC is a corporation organized and existing under the laws of Delaware.  Defendants admit that Arris Enterprises LLC can be served through its registered agent, United Agent Group Inc., at 3411 Silverside Road, Tatnall Building, #104, Wilmington, DE 19810.  Defendants further admit that Arris Enterprises LLC's business includes selling products and services throughout the United States, including in this judicial district.  All remaining allegations in Paragraph 12 of the complaint are denied.

13.     Defendants admit that Arris Solutions, Inc. is a corporation organized and existing under the laws of Delaware.  Defendants admit that Arris Solutions, Inc. can be served through its registered agent, United Agent Group Inc., at 3411 Silverside Road, Tatnall Building, #104, Wilmington, DE 19810.  Defendants further admit that Arris Solutions, Inc.'s business includes selling products and services throughout the United States, including in this judicial district.  All remaining allegations in Paragraph 13 of the complaint are denied.

14.     Defendants admit that CommScope Holding Company, Inc. is a corporation organized and existing under the laws of Delaware.  Defendants admit that CommScope Holding Company, Inc. has a place of business at 1100 CommScope Place, SE, Hickory, North Carolina 28602 and can be served through its registered agent, Corporation Service Company, at 251 Little

Falls Drive, Wilmington, DE 19808.  All remaining allegations in Paragraph 14 of the complaint are denied.

15.     Defendants admit that CommScope Inc. is a corporation organized and existing under the laws of Delaware.  Defendants admit that CommScope Inc. has a place of business at 1100 CommScope Place, SE, Hickory, North Carolina 28602 and can be served through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808. Defendants admit that CommScope Inc. is a wholly owned subsidiary of CommScope Holding Company, Inc. (collectively, "CommScope").  The remaining allegations in Paragraph 15 of the Complaint express legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Admitted.

17.     Defendants admit that the cited press release contains the quoted statements.  All remaining allegations in Paragraph 17 of the Complaint are denied.

18.     Defendants      admit      that      the      cited      websites      (www.arris.com, www.ruckuswireless.com) re-direct to the CommScope web domain (www.commscope.com). Defendants admit that CommScope advertises CommScope/Arris-branded products and CommsScope/Ruckus-branded products on its website.  Defendants admit that the cited portion of the CommScope website appears to be accurate.  Defendants admit that the CommScope website includes information concerning certain products.  Defendants admit that the Arris International LinkedIn page and the Ruckus Network LinkedIn page request visitors to visit the CommScope LinkedIn page.  Defendants admit that CommScope maintains the CommScope web domain and related social network presences.  Defendants admit that CommScope offers job listings for

Ruckus Wireless Inc. and the Arris entities.  All remaining allegations in Paragraph 18 of the Complaint are denied.

19.      Defendants admit that CommScope maintains a facility at 2601 Telecom Parkway, Richardson, Texas, 70852. The remaining allegations in Paragraph 19 of the Complaint express legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

20.      Defendants admit that SIPCO's Complaint alleges patent infringement under the cited statute.  All remaining allegations in Paragraph 20 of the Complaint are denied.

21.      Admitted.

22.      Defendants, for purposes of this case only, will not challenge personal jurisdiction in the Eastern District of Texas.  Defendants admit that they have distributed, offered for sale, sold, and advertised certain products and/or services in the State of Texas and the Eastern District of Texas.  Defendants admit that CommScope Inc. operates offices at 2601 Telecom Parkway, Richardson, Texas, 70852, 11312 S. Pipeline Road, Euless, Texas 76040, and 4101 W. Military Highway A, McAllen, Texas 78053.  All remaining allegations in Paragraph 22 of the Complaint are denied.

23.      The allegations in Paragraph 23 of the Complaint express legal conclusions to which no response is required.  To the extent a response is required, Defendants will not contest, for purposes of this action only, that venue is proper in this judicial district.

24.      Admitted.

25.     The allegations in Paragraph 25 of the Complaint express legal conclusions to which no response is required.  To the extent a response is required, Defendants will not contest, for purposes of this action only, that venue is proper in this judicial district.

26.     The allegations in Paragraph 26 of the Complaint express legal conclusions to which no response is required.  To the extent a response is required, Defendants will not contest, for purposes of this action only, that venue is proper in this judicial district.

27.     The allegations in Paragraph 27 of the Complaint express legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants admit that they sell certain products accused in this action, but deny committing any act of infringement.

### PATENTS-IN-SUIT

29.     Defendants admit that the '587 Patent is entitled "Systems and Methods for Controlling Communication Between a Host Computer and Communication Devices," issued on December 30, 2014, and that a copy of the '587 Patent is attached as Exhibit 1 of the Complaint. Defendants deny that the '587 Patent was "duly and legally issued."  All remaining allegations in Paragraph 29 of the Complaint are denied.

30.     Defendants admit that the '838 Patent is entitled "System and Method for Monitoring and Controlling Residential Devices," issued on May 10, 2005, and that a copy of the '838 Patent is attached as Exhibit 2 of the Complaint.  Defendants deny that the '838 Patent was "duly and legally issued."  All remaining allegations in Paragraph 30 of the Complaint are denied.

31.     Defendants admit that the '501 Patent is entitled "System and Method for Transmitting an Emergency Message over an Integrated Wireless Network," issued on January 20,

2009, and that a copy of the '501 Patent is attached as Exhibit 3 of the Complaint.  Defendants deny that the '501 Patent was "duly and legally issued."  All remaining allegations in Paragraph 31 of the Complaint are denied.

32.     Defendants admit that the '284 Patent is entitled "Terminal having Transfer Mode and Network Connection Method," issued on December 10, 2013, and that a copy of the '284 Patent is attached as Exhibit 4 of the Complaint.  Defendants deny that the '284 Patent was "duly and legally issued."  All remaining allegations in Paragraph 32 of the Complaint are denied.

33.     Defendants admit that the '357 Patent is entitled "System and Method for Transmitting an Emergency Message over an Integrated Wireless Network," issued on March 4, 2014, and that a copy of the '357 Patent is attached as Exhibit 5 of the Complaint.  Defendants deny that the '357 Patent was "duly and legally issued."  All remaining allegations in Paragraph 33 of the Complaint are denied.

34.     Defendants admit that the '492 Patent is entitled "Systems and Methods for Monitoring and Controlling Remote Devices," issued on April 13, 2010, and that a copy of the '501 Patent is attached as Exhibit 6 of the Complaint.  Defendants deny that the '492 Patent was "duly and legally issued."  All remaining allegations in Paragraph 34 of the Complaint are denied.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 8,924,587

35.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

36.     Denied.

37.     Denied.

38.     The allegations in Paragraph 38 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     The allegations in Paragraph 40 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     The allegations in Paragraph 43 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Denied.

48.     The allegations in Paragraph 48 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Denied.

50.     Defendants admit that they received certain patent numbers from Plaintiff, but deny that any such communication was sufficient to constitute actual notice. All remaining allegations in Paragraph 50 of the Complaint are denied.

51.     The allegations in Paragraph 51 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Denied.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,891,838

53.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

54.     Denied.

55.     Denied.

56.     The allegations in Paragraph 56 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     The allegations in Paragraph 57 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     The allegations in Paragraph 58 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     The allegations in Paragraph 59 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     The allegations in Paragraph 60 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     The allegations in Paragraph 61 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     The allegations in Paragraph 62 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     The allegations in Paragraph 63 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     The allegations in Paragraph 64 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Denied.

66.     The allegations in Paragraph 66 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     The allegations in Paragraph 67 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Denied.

69.     Defendants admit that they received certain patent numbers from Plaintiff, but deny that any such communication was sufficient to constitute actual notice. All remaining allegations in Paragraph 69 of the Complaint are denied.

70.     The allegations in Paragraph 70 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Denied.

## <u>COUNT 3 – INFRINGEMENT OF U.S. PATENT NO 7,480,501</u>

72.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

73.     Denied.

74.     Denied.

75.     The allegations in Paragraph 75 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     The allegations in Paragraph 76 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     The allegations in Paragraph 77 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     The allegations in Paragraph 78 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     The allegations in Paragraph 79 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     The allegations in Paragraph 80 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 80 of the Complaint.

81. The allegations in Paragraph 81 of the Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 81 of the Complaint.

82. The allegations in Paragraph 82 of the Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Denied.

84. The allegations in Paragraph 84 of the Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 84 of the Complaint.

85. The allegations in Paragraph 85 of the Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Denied.

87. Defendants admit that they received certain patent numbers from Plaintiff, but deny that any such communication was sufficient to constitute actual notice. All remaining allegations in Paragraph 87 of the Complaint are denied.

88. The allegations in Paragraph 88 of the Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 99 of the Complaint.

89. Denied.

## COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 8,606,284

90.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

91.     Denied.

92.     Denied.

93.     The allegations in Paragraph 93 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     The allegations in Paragraph 94 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     The allegations in Paragraph 95 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     The allegations in Paragraph 96 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     The allegations in Paragraph 97 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     The allegations in Paragraph 98 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     The allegations in Paragraph 99 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Denied.

101.    The allegations in Paragraph 101 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    The allegations in Paragraph 102 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Denied.

104.    Defendants admit that they received certain patent numbers from Plaintiff, but deny that any such communication was sufficient to constitute actual notice. All remaining allegations in Paragraph 104 of the Complaint are denied.

105.    The allegations in Paragraph 105 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Denied.

### COUNT 5 – INFRINGEMENT OF U.S. PATENT NO. 8,666,357

107.    Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

108.    Denied.

109.    Denied.

110.    The allegations in Paragraph 110 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 111 of the Complaint.

112.    The allegations in Paragraph 112 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    The allegations in Paragraph 113 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    The allegations in Paragraph 114 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    The allegations in Paragraph 115 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    The allegations in Paragraph 116 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    Denied.

118.     The allegations in Paragraph 118 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 118 of the Complaint.

119.     Denied.

120.     Defendants admit that they received certain patent numbers from Plaintiff, but deny that any such communication was sufficient to constitute actual notice. All remaining allegations in Paragraph 120 of the Complaint are denied.

121.     The allegations in Paragraph 121 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 121 of the Complaint.

122.     Denied.

## COUNT 6 – INFRINGEMENT OF U.S. PATENT NO. 7,697,492

123.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

124.     Denied.

125.     Denied.

126.     The allegations in Paragraph 126 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 126 of the Complaint.

127.     The allegations in Paragraph 127 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 127 of the Complaint.

128.    The allegations in Paragraph 128 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    The allegations in Paragraph 129 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    The allegations in Paragraph 130 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 130 of the Complaint.

131.    Denied.

132.    The allegations in Paragraph 132 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    Denied.

134.    Defendants admit that they received certain patent numbers from Plaintiff, but deny that any such communication was sufficient to constitute actual notice. All remaining allegations in Paragraph 134 of the Complaint are denied.

135.    The allegations in Paragraph 135 of the Complaint express legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    Denied.

## <u>RESPONSE TO PRAYER FOR RELIEF</u>

Defendants deny that SIPCO is entitled to any relief.

## RESPONSE TO JURY TRIAL DEMAND

Defendants request a jury trial for all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants incorporate by reference the foregoing paragraphs in their entirety and asserts the following affirmative defenses.  By asserting these affirmative defenses, Defendants do not admit that they bear the burden of proof on any issue and do not accept any burden they would not otherwise bear, regardless of how such defenses are denominated herein. Defendants reserve all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Defendants do not infringe and have not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The Patents-in-Suit are invalid because they fail to satisfy one or more conditions for patentability specified in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

SIPCO's claims are barred in whole or in part by prosecution history estoppel.  SIPCO is estopped, based on statements, representations, and admissions made during the prosecution

before the United States Patent and Trademark Office of the patent families resulting in the Patents-in-Suit.

### FOURTH AFFIRMATIVE DEFENSE
### (License)

SIPCO's claims are barred to the extent the allegedly unlawful activity was licensed or authorized by persons or entities with the right to license.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

SIPCO's recovery for alleged infringement of the Patents-in-Suit, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288.

### SIXTH AFFIRMATIVE DEFENSE
### (Use/Manufacture By/For Government))

To the extent that any accused product, process, service or method has been used or manufactured by or for the United States Government, SIPCO's claims and demands for relief are barred by 28 U.S.C. § 1498.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Equitable Relief)

SIPCO is not entitled to equitable relief as it has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Defendants' actions.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Defendants have not engaged in any conduct that would make this an exceptional case that would entitle SIPCO to an award of attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

SIPCO's Complaint fails to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

To the extent that SIPCO lacks all substantive rights to bring suit and to exclude others from practicing the claims of any of the Patents-in-Suit, SIPCO's claims are barred by a lack of standing.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendants reserve the right to add additional affirmative defenses upon discovery of additional information bearing on the claims in SIPCO's Complaint.

Date:  February 12, 2021                    Respectfully submitted,

                                   By:   FISH & RICHARDSON P.C.

                                         */s/ Christopher O. Green*
                                         Christopher O. Green
                                         GA Bar No. 037617
                                         cgreen@fr.com
                                         Aamir A. Kazi
                                         GA Bar No. 104235
                                         kazi@fr.com
                                         FISH & RICHARDSON P.C.
                                         1180 Peachtree Street NE, 21st Floor
                                         Atlanta, GA 30309
                                         PH:  404-892-5005
                                         FX:  404-892-5002

                                         Bret T. Winterle
                                         Texas Bar No. 24084249
                                         winterle@fr.com
                                         FISH & RICHARDSON P.C.
                                         1717 Main Street, Suite 5000
                                         Dallas, TX  75201
                                         PH: 214-747-5070
                                         FX: 214-747-2091

                                         **COUNSEL FOR DEFENDANTS
                                         COMMSCOPE HOLDING COMPANY, INC.,
                                         COMMSCOPE INC., RUCKUS WIRELESS
                                         INC., ARRIS US HOLDINGS, INC., ARRIS
                                         ENTERPRISES LLC, ARRIS SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I certify that on February 12, 2021, I electronically filed the foregoing document using

the Court's CM/ECF filing system and Counsel was served via CM/ECF.

                                         */s/ Christopher O. Green*
                                         Christopher O. Green