**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| SIPCO, LLC, | |
| *Plaintiff*, | |
| v. | Case No. 5:20-CV-00168-RWS-CMC |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., RUCKUS WIRELESS, INC., ARRIS US HOLDINGS, INC., ARRIS ENTERPRISES LLC, and ARRIS SOLUTIONS, INC. | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

**DEFENDANTS COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC.,
RUCKUS WIRELESS INC., ARRIS US HOLDINGS, INC., ARRIS ENTERPRISES LLC,
AND ARRIS SOLUTIONS, INC.'S ANSWER TO PLAINTIFF SIPCO, LLC'S
FIRST AMENDED COMPLAINT FOR [ALLEGED] PATENT INFRINGEMENT**

Defendants CommScope Holding Company, Inc.; CommScope Inc.; Ruckus Wireless, Inc.; ARRIS US Holdings, Inc.; ARRIS Enterprises LLC; and ARRIS Solutions, Inc. (collectively, "Defendants") by and through their undersigned counsel, hereby submit their Answer to the First Amended Complaint for [Alleged] Patent Infringement of Plaintiff SIPCO, LLC ("SIPCO" or "Plaintiff") ("First Amended Complaint"). Any admissions herein are for purposes of this matter only. Defendants also reserve the right to take further positions and raise additional defenses that may become apparent as a result of additional information discovered subsequent to filing of this Answer.

## **OVERVIEW**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the First Amended Complaint and therefore deny them.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the First Amended Complaint and therefore deny them.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the First Amended Complaint and therefore deny them.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the First Amended Complaint and therefore deny them.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint and therefore deny them.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint and therefore deny them.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint and therefore deny them.

8.      Defendants admit that SIPCO's First Amended Complaint purports to be a First Amended Complaint for patent infringement. All remaining allegations in Paragraph 8 of the First Amended Complaint are denied.

## THE PARTIES

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint and therefore deny them.

10.      Defendants admit that Ruckus Wireless, Inc. is a corporation organized and existing under the laws of the State of Delaware. Defendants admit that Ruckus Wireless, Inc. has a place of business at 350 West Java Dr., Sunnyvale, CA 94089 and may be served through its registered agent, United Agent Group Inc., at 3411 Silverside Road, Tatnall Building, #104, Wilmington, DE 19810. Defendants further admit that Ruckus Wireless Inc.'s business includes selling products and services throughout the United States, including in this judicial district. All remaining allegations in Paragraph 10 of the First Amended Complaint are denied.

11.      Defendants admit that Defendant ARRIS US Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware. Defendants admit that ARRIS US Holdings, Inc. can be served through its registered agent, United Agent Group, Inc., at 3411 Silverside Road, Tatnall Building, #104, Wilmington, DE 19810. Defendants admit that

corporate affiliates of ARRIS US Holdings, Inc. have a place of business at 350 West Java Dr., Sunnyvale, CA 94089. Defendants further admit that ARRIS US Holdings, Inc.'s business includes selling products and services throughout the United States, including in this judicial district. All remaining allegations in Paragraph 11 of the First Amended Complaint are denied.

12.     Defendants admit that ARRIS Enterprises LLC is a corporation organized and existing under the laws of Delaware. Defendants admit that ARRIS Enterprises LLC can be served through its registered agent, United Agent Group Inc., at 3411 Silverside Road, Tatnall Building, #104, Wilmington, DE 19810. Defendants admit that corporate affiliates of ARRIS Enterprises LLC have a place of business at 350 West Java Dr., Sunnyvale, CA 94089. Defendants further admit that ARRIS Enterprises LLC's business includes selling products and services throughout the United States, including in this judicial district. All remaining allegations in Paragraph 12 of the First Amended Complaint are denied.

13.     Defendants admit that ARRIS Solutions, Inc. is a corporation organized and existing under the laws of Delaware. Defendants admit that ARRIS Solutions, Inc. can be served through its registered agent, United Agent Group Inc., at 3411 Silverside Road, Tatnall Building, #104, Wilmington, DE 19810. Defendants admit that corporate affiliates of ARRIS Solutions, Inc. have a place of business at 350 West Java Dr., Sunnyvale, CA 94089. Defendants further admit that ARRIS Solutions, Inc.'s business includes selling products and services throughout the United States, including in this judicial district. All remaining allegations in Paragraph 13 of the First Amended Complaint are denied.

14.     Defendants admit that CommScope Holding Company, Inc. is a corporation organized and existing under the laws of Delaware. Defendants admit that CommScope Holding Company, Inc. has a place of business at 1100 CommScope Place, SE, Hickory, North Carolina

28602 and can be served through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808. All remaining allegations in Paragraph 14 of the First Amended Complaint are denied.

15.     Defendants admit that CommScope Inc. is a corporation organized and existing under the laws of Delaware. Defendants admit that CommScope Inc. has a place of business at 1100 CommScope Place, SE, Hickory, North Carolina 28602 and can be served through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808. Defendants admit that CommScope Inc. is a wholly owned subsidiary of CommScope Holding Company, Inc. (collectively, "CommScope"). The remaining allegations in Paragraph 15 of the First Amended Complaint express legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 15 of the First Amended Complaint.

16.     Admitted.

17.     Defendants admit that the cited press release contains the quoted statements. All remaining allegations in Paragraph 17 of the First Amended Complaint are denied.

18.     Defendants admit that the cited websites (www.arris.com, www.ruckuswireless.com) re-direct to the CommScope web domain (www.commscope.com). Defendants admit that CommScope advertises CommScope/ARRIS-branded products and CommScope/Ruckus-branded products on its website. Defendants admit that the cited portion of the CommScope website appears to be accurate. Defendants admit that the CommScope website includes information concerning certain products. Defendants admit that the ARRIS International LinkedIn page and the Ruckus Network LinkedIn page request visitors to visit the CommScope LinkedIn page. Defendants admit that CommScope maintains the CommScope web

domain and related social network presences. Defendants admit that CommScope offers job listings for Ruckus Wireless Inc. and the ARRIS entities. All remaining allegations in Paragraph 18 of the First Amended Complaint are denied.

19.     Defendants admit that CommScope maintains a facility at 2601 Telecom Parkway, Richardson, Texas, 70852. The remaining allegations in Paragraph 19 of the First Amended Complaint express legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 19 of the First Amended Complaint.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

20.     Defendants admit that SIPCO's First Amended Complaint alleges patent infringement under the cited statute. All remaining allegations in Paragraph 20 of the First Amended Complaint are denied.

21.     Admitted.

22.     Defendants, for purposes of this case only, will not challenge personal jurisdiction in the Eastern District of Texas. Defendants admit that they have distributed, offered for sale, sold, and advertised certain products and/or services in the State of Texas and the Eastern District of Texas. Defendants admit that CommScope Inc. operates offices at 2601 Telecom Parkway, Richardson, Texas, 70852; 11312 S. Pipeline Road, Euless, Texas 76040; and 4101 W. Military Highway A, McAllen, Texas 78053. All remaining allegations in Paragraph 22 of the First Amended Complaint are denied.

23.     The allegations in Paragraph 23 of the First Amended Complaint express legal conclusions to which no response is required. To the extent a response is required, Defendants will not contest, for purposes of this action only, that venue is proper in this judicial district.

24.     Admitted.

25.     The allegations in Paragraph 25 of the First Amended Complaint express legal conclusions to which no response is required. To the extent a response is required, Defendants will not contest, for purposes of this action only, that venue is proper in this judicial district.

26.     The allegations in Paragraph 26 of the First Amended Complaint express legal conclusions to which no response is required. To the extent a response is required, Defendants will not contest, for purposes of this action only, that venue is proper in this judicial district.

27.     The allegations in Paragraph 27 of the First Amended Complaint express legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27 of the First Amended Complaint.

28.     Defendants admit that they sell certain products accused in this action, but deny committing any act of infringement.

## PATENTS-IN-SUIT

29.     Defendants admit that the '587 Patent is entitled "Systems and Methods for Controlling Communication Between a Host Computer and Communication Devices," issued on December 30, 2014, and that a copy of the '587 Patent is attached as Exhibit 1 of the First Amended Complaint. Defendants deny that the '587 Patent was "duly and legally issued." All remaining allegations in Paragraph 29 of the First Amended Complaint are denied.

30.     Defendants admit that the '838 Patent is entitled "System and Method for Monitoring and Controlling Residential Devices," issued on May 10, 2005, and that a copy of the '838 Patent is attached as Exhibit 2 of the First Amended Complaint. Defendants deny that the '838 Patent was "duly and legally issued." All remaining allegations in Paragraph 30 of the First Amended Complaint are denied.

31.     Defendants admit that the '501 Patent is entitled "System and Method for Transmitting an Emergency Message over an Integrated Wireless Network," issued on January

20, 2009, and that a copy of the '501 Patent is attached as Exhibit 3 of the First Amended Complaint. Defendants deny that the '501 Patent was "duly and legally issued." All remaining allegations in Paragraph 31 of the First Amended Complaint are denied.

32.     Defendants admit that the '284 Patent is entitled "Terminal having Transfer Mode and Network Connection Method," issued on December 10, 2013, and that a copy of the '284 Patent is attached as Exhibit 4 of the First Amended Complaint. Defendants deny that the '284 Patent was "duly and legally issued." All remaining allegations in Paragraph 32 of the First Amended Complaint are denied.

33.     Defendants admit that the '357 Patent is entitled "System and Method for Transmitting an Emergency Message over an Integrated Wireless Network," issued on March 4, 2014, and that a copy of the '357 Patent is attached as Exhibit 5 of the First Amended Complaint. Defendants deny that the '357 Patent was "duly and legally issued." All remaining allegations in Paragraph 33 of the First Amended Complaint are denied.

34.     Defendants admit that the '492 Patent is entitled "Systems and Methods for Monitoring and Controlling Remote Devices," issued on April 13, 2010, and that a copy of the '501 Patent is attached as Exhibit 6 of the First Amended Complaint. Defendants deny that the '492 Patent was "duly and legally issued." All remaining allegations in Paragraph 34 of the First Amended Complaint are denied.

35.     Paragraph 35 merely defines the phrase "Patents-in-Suit," so no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 35 of the First Amended Complaint.

## **COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 8,924,587**

36.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

37.     Denied.

38.     Denied.

39.     The allegations in Paragraph 39 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 39 of the First Amended Complaint.

40.     The allegations in Paragraph 40 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41.     The allegations in Paragraph 41 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 41 of the First Amended Complaint.

42.     The allegations in Paragraph 42 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 42 of the First Amended Complaint.

43.     The allegations in Paragraph 43 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44.     The allegations in Paragraph 44 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 44 of the First Amended Complaint.

45.     The allegations in Paragraph 45 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46.     The allegations in Paragraph 46 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47.     The allegations in Paragraph 47 of the First Amended Complaint express legal conclusions to which no response is required, and/or are allegations for which Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response is required, Defendants therefore deny the allegations in Paragraph 47 of the First Amended Complaint.  Based on the licensees identified on SIPCO's website (https://www.sipcollc.com/current-licensees), on information and belief licensees have failed to adequately mark their products or systems as being licensed under SIPCO's Patents-in-Suit and SIPCO has failed to exercise reasonable efforts to ensure that such products or systems would be marked as required by 35 U.S.C. § 287.

48.     The allegations in Paragraph 48 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 48 of the First Amended Complaint.

49.     Denied.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,891,838

50.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

51.     Denied.

52.     Denied.

53.     The allegations in Paragraph 53 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54.     The allegations in Paragraph 54 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 54 of the First Amended Complaint.

55.     The allegations in Paragraph 55 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

56.     The allegations in Paragraph 56 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 56 of the First Amended Complaint.

57.     The allegations in Paragraph 57 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 57 of the First Amended Complaint.

58.     The allegations in Paragraph 58 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 58 of the First Amended Complaint.

59.     The allegations in Paragraph 59 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 59 of the First Amended Complaint.

60.     The allegations in Paragraph 60 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

61.     The allegations in Paragraph 61 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 61 of the First Amended Complaint.

62.     Denied.

63.     The allegations in Paragraph 63 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64.     The allegations in Paragraph 64 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 64 of the First Amended Complaint.

65.     Denied.

66.     Defendants admit that they received a letter from Plaintiff on or around June 1, 2020, listing certain patent numbers. The remaining allegations in Paragraph 66 of the First Amended Complaint express legal conclusions to which no response is required, and/or are allegations for which Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response is required, Defendants therefore deny the remaining allegations in Paragraph 66 of the First Amended Complaint. Based on the licensees identified on SIPCO's website (https://www.sipcollc.com/current-licensees), on information and belief licensees have failed to adequately mark their products or systems as being licensed under SIPCO's Patents-in-Suit and SIPCO has failed to exercise reasonable efforts to ensure that such products or systems would be marked as required by 35 U.S.C. § 287.

67.     The allegations in Paragraph 67 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68.     Denied.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO 7,480,501

69.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

70.     Denied.

71.     Denied.

72.     The allegations in Paragraph 72 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 72 of the First Amended Complaint.

73.     The allegations in Paragraph 73 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 73 of the First Amended Complaint.

74.     The allegations in Paragraph 74 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

75.     The allegations in Paragraph 75 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 75 of the First Amended Complaint.

76.     The allegations in Paragraph 76 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 76 of the First Amended Complaint.

77.     The allegations in Paragraph 77 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 77 of the First Amended Complaint.

78.     The allegations in Paragraph 78 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 78 of the First Amended Complaint.

79.     The allegations in Paragraph 79 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 79 of the First Amended Complaint.

80.     Denied.

81.     The allegations in Paragraph 81 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 81 of the First Amended Complaint.

82.     The allegations in Paragraph 82 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 82 of the First Amended Complaint.

83.     Denied.

84.     Defendants admit that they received a letter from Plaintiff on or around June 1, 2020, listing certain patent numbers. The remaining allegations in Paragraph 84 of the First Amended Complaint express legal conclusions to which no response is required, and/or are allegations for which Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response is required, Defendants therefore deny the remaining allegations in Paragraph 84 of the First Amended Complaint. Based

on the licensees identified on SIPCO's website (https://www.sipcollc.com/current-licensees), on information and belief licensees have failed to adequately mark their products or systems as being licensed under SIPCO's Patents-in-Suit and SIPCO has failed to exercise reasonable efforts to ensure that such products or systems would be marked as required by 35 U.S.C. § 287.

85.     The allegations in Paragraph 85 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 85 of the First Amended Complaint.

86.     Denied.

### COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 8,606,284

87.     Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

88.     Denied.

89.     The allegations in Paragraph 89 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 89 of the First Amended Complaint.

90.     The allegations in Paragraph 90 of the First Amended Complaint express legal conclusions to which no response is required. To the extent the allegations in Paragraph 90 of the First Amended Complaint contain factual allegations, they are contradicted at least in part by the prosecution history of the '284 patent, attached hereto as Exhibit 1, and Defendants deny the allegations in Paragraph 90 of the First Amended Complaint.

91.     The allegations in Paragraph 91 of the First Amended Complaint express legal conclusions to which no response is required. To the extent the allegations in Paragraph 91 of the First Amended Complaint contain factual allegations, they are contradicted at least in part by the

prosecution history of the '284 patent, attached hereto as Exhibit 1, and Defendants deny the allegations in Paragraph 91 of the First Amended Complaint.

92.     The allegations in Paragraph 92 of the First Amended Complaint express legal conclusions to which no response is required. To the extent the allegations in Paragraph 92 of the First Amended Complaint contain factual allegations, they are contradicted at least in part by the prosecution history of the '284 patent, attached hereto as Exhibit 1, and Defendants deny the allegations in Paragraph 92 of the First Amended Complaint.

93.     The allegations in Paragraph 93 of the First Amended Complaint express legal conclusions to which no response is required. To the extent the allegations in Paragraph 93 of the First Amended Complaint contain factual allegations, they are contradicted at least in part by the prosecution history of the '284 patent, attached hereto as Exhibit 1, and Defendants deny the allegations in Paragraph 93 of the First Amended Complaint.

94.     The allegations in Paragraph 94 of the First Amended Complaint express legal conclusions to which no response is required. To the extent the allegations in Paragraph 94 of the First Amended Complaint contain factual allegations, they are contradicted at least in part by the prosecution history of the '284 patent, attached hereto as Exhibit 1, and Defendants deny the allegations in Paragraph 94 of the First Amended Complaint.

95.     The allegations in Paragraph 95 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 95 of the First Amended Complaint.

96.     Defendants admit that a document entitled "Expert Declaration of Branimir Vojcic, D.SC. Regarding the Patentability Under 35 U.S.C. § 101 of the Asserted Claims of U.S.

Patent No. 8,606,284" is attached as Exhibit 7 to the First Amended Complaint. The remaining allegations in Paragraph 96 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 96 of the First Amended Complaint.

97.     Denied.

98.     The allegations in Paragraph 98 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 98 of the First Amended Complaint.

99.     The allegations in Paragraph 99 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 99 of the First Amended Complaint.

100.    The allegations in Paragraph 100 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 100 of the First Amended Complaint.

101.    Defendants admit that they received a letter from Plaintiff on or around June 1, 2020, listing certain patent numbers, but Defendants deny that any such communication was sufficient to constitute actual notice. All remaining allegations in Paragraph 101 of the First Amended Complaint are denied.

102.    The allegations in Paragraph 102 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any

factual allegations, Defendants deny the allegations in Paragraph 102 of the First Amended Complaint.

103.    The allegations in Paragraph 103 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 103 of the First Amended Complaint.

104.    The allegations in Paragraph 104 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 104 of the First Amended Complaint.

105.    Denied.

106.    The allegations in Paragraph 106 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 106 of the First Amended Complaint.

107.    The allegations in Paragraph 107 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 107 of the First Amended Complaint.

108.    Denied.

109.    The allegations in Paragraph 109 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any

factual allegations, Defendants deny the allegations in Paragraph 109 of the First Amended Complaint.

110.    The allegations in Paragraph 110 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 110 of the First Amended Complaint.

111.    Denied.

## COUNT 5 – INFRINGEMENT OF U.S. PATENT NO. 8,666,357

112.    Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

113.    Denied.

114.    Denied.

115.    The allegations in Paragraph 115 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 115 of the First Amended Complaint.

116.    The allegations in Paragraph 116 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 116 of the First Amended Complaint.

117.    The allegations in Paragraph 117 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 117 of the First Amended Complaint.

118.     The allegations in Paragraph 118 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 118 of the First Amended Complaint.

119.     The allegations in Paragraph 119 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 119 of the First Amended Complaint.

120.     The allegations in Paragraph 120 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 120 of the First Amended Complaint.

121.     The allegations in Paragraph 121 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 121 of the First Amended Complaint.

122.     Denied.

123.     The allegations in Paragraph 123 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 123 of the First Amended Complaint.

124.     Denied.

125.     Defendants admit that they received a letter from Plaintiff on or around June 1, 2020, listing certain patent numbers. The remaining allegations in Paragraph 125 of the First Amended Complaint express legal conclusions to which no response is required, and/or are allegations for which Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response is required, Defendants therefore deny the remaining allegations in Paragraph 125 of the First Amended Complaint.

Based on the licensees identified on SIPCO's website (https://www.sipcollc.com/current-licensees), on information and belief licensees have failed to adequately mark their products or systems as being licensed under SIPCO's Patents-in-Suit and SIPCO has failed to exercise reasonable efforts to ensure that such products or systems would be marked as required by 35 U.S.C. § 287.

126.    The allegations in Paragraph 126 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 126 of the First Amended Complaint.

127.    Denied.

### COUNT 6 – INFRINGEMENT OF U.S. PATENT NO. 7,697,492

128.    Defendants hereby restate and incorporate the answers set forth in the preceding paragraphs.

129.    Denied.

130.    Denied.

131.    The allegations in Paragraph 131 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 131 of the First Amended Complaint.

132.    The allegations in Paragraph 132 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 132 of the First Amended Complaint.

133.    The allegations in Paragraph 133 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 133 of the First Amended Complaint.

134.    The allegations in Paragraph 134 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 134 of the First Amended Complaint.

135.    The allegations in Paragraph 135 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 135 of the First Amended Complaint.

136.    Denied.

137.    The allegations in Paragraph 137 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 137 of the First Amended Complaint.

138.    Denied.

139.    Defendants admit that they received a letter from Plaintiff on or around June 1, 2020, listing certain patent numbers. The remaining allegations in Paragraph 139 of the First Amended Complaint express legal conclusions to which no response is required, and/or are allegations for which Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response is required, Defendants therefore deny the remaining allegations in Paragraph 139 of the First Amended Complaint. Based on the licensees identified on SIPCO's website (https://www.sipcollc.com/current-licensees), on information and belief licensees have failed to adequately mark their products or systems as being licensed under SIPCO's Patents-in-Suit and SIPCO has failed to exercise reasonable efforts to ensure that such products or systems would be marked as required by 35 U.S.C. § 287.

140.    The allegations in Paragraph 140 of the First Amended Complaint express legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 140 of the First Amended Complaint.

141.    Denied.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that SIPCO is entitled to any relief.

## RESPONSE TO JURY TRIAL DEMAND

Defendants request a jury trial for all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants incorporate by reference the foregoing paragraphs in their entirety and asserts the following affirmative defenses. By asserting these affirmative defenses, Defendants do not admit that they bear the burden of proof on any issue and do not accept any burden they would not otherwise bear, regardless of how such defenses are denominated herein. Defendants reserve all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses.

## FIRST AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

Defendants do not infringe and have not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

The Patents-in-Suit are invalid because they fail to satisfy one or more conditions for patentability specified in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or non-statutory obviousness-type double patenting.

## THIRD AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

SIPCO's claims are barred in whole or in part by prosecution history estoppel and disclaimer. SIPCO is estopped, and has disclaimed claim scope, based on statements, representations, and admissions made during the prosecution before the United States Patent and Trademark Office of the patent families resulting in the Patents-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE
### (LICENSE AND EXHAUSTION)

SIPCO's claims are barred to the extent the allegedly unlawful activity was licensed or authorized by persons or entities with the right to license, and/or pursuant to the doctrine of patent exhaustion.

## FIFTH AFFIRMATIVE DEFENSE
### (LIMITATIONS ON DAMAGES)

SIPCO's recovery for alleged infringement of the Patents-in-Suit, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288. For example, upon information and belief, SIPCO is precluded from seeking pre-notice damages for any of the Patents-in-Suit because SIPCO and/or one or more of its licensees failed to adequately mark products covered by one or more of the claims of the Patents-in-Suit and SIPCO has failed to exercise reasonable efforts to ensure that such products or systems would be marked as required by 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (USE/MANUFACTURE BY/FOR GOVERNMENT))

To the extent that any accused product, process, service or method has been used or manufactured by or for the United States Government, SIPCO's claims and demands for relief are barred by 28 U.S.C. § 1498.

## SEVENTH AFFIRMATIVE DEFENSE
### (NO EQUITABLE RELIEF)

SIPCO is not entitled to equitable relief as it has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Defendants' actions.

## EIGHTH AFFIRMATIVE DEFENSE
### (NO EXCEPTIONAL CASE)

Defendants have not engaged in any conduct that would make this an exceptional case that would entitle SIPCO to an award of attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

SIPCO's First Amended Complaint fails to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

To the extent that SIPCO lacks all substantive rights to bring suit and to exclude others from practicing the claims of any of the Patents-in-Suit, SIPCO's claims are barred by a lack of standing.

## ELEVENTH AFFIRMATIVE DEFENSE
### (COLLATERAL ESTOPPEL)

SIPCO's claims are barred in whole or in part by collateral estoppel. SIPCO is estopped, based on prior final adjudications of issues by the USPTO, United States District Court(s), and/or the Court of Appeals for the Federal Circuit.

## TWELFTH AFFIRMATIVE DEFENSE
### (INTERVENING RIGHTS)

CommScope made, purchased, offered to sell, or used within the United States, or imported into the United States, and/or made substantial preparations to manufacture, use, offer for sale, or sell the Accused Products prior to the issuance of the *ex parte* reexamination certificate for the '838 patent on September 6, 2011, and therefore has intervening rights with respect to the '838 patent that entitle it to continue to manufacture, use, offer for sale, or sell the Accused Products.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (PROSECUTION LACHES)

SIPCO's patents are unenforceable because they issued only after an unreasonable and unexplained delay in prosecution that constitutes egregious misuse of the statutory patent system.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (RESERVATION OF RIGHTS)

Defendants reserve the right to add additional affirmative defenses upon discovery of additional information bearing on the claims in SIPCO's First Amended Complaint.

## JURY TRIAL DEMAND

Defendants request a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request judgment:

A.    That SIPCO take nothing by its First Amended Complaint;

B.      Dismissing SIPCO's First Amended Complaint against Defendants with prejudice, and that all relief requested by SIPCO be denied with prejudice;

C.      Declaring that Defendants do not infringe and have not infringed any claim of the Patents-in-Suit;

D.      Declaring that each of the claims of the Patents-in-Suit is invalid;

E.      Finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Defendants their costs and disbursements of this action, including their reasonable attorneys' fees, and any and all other damages as Defendants may prove;

F.      Enjoining SIPCO, its successors, affiliates, agents, employees, and attorneys, and those persons in active concert of participation with any of them, from directly or indirectly asserting infringement of, or instituting any further action of infringement of, the Patents-in-Suit against Defendants or any of Defendants' successors, assigns, agents, direct or indirect customers, partners or suppliers; and

G.      Awarding to Defendants such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: June 7, 2021                    By:   /s/ *James Batchelder*
                                             James Batchelder (Cal. Bar No. 136347)
                                             (Eastern District of Texas Member)
                                             James.Batchelder@ropesgray.com
                                             James L. Davis, Jr. (Cal. Bar No. 304830)
                                             (Eastern District of Texas Member)
                                             James.L.Davis@ropesgray.com
                                             Daniel W. Richards (Cal. Bar No. 280595)
                                             (Eastern District of Texas Member)
                                             Daniel.Richards@ropesgray.com
                                             ROPES & GRAY LLP
                                             1900 University Avenue, 6th Floor
                                             East Palo Alto, CA  94303-2284
                                             Tel.:    (650) 617-4000

                                             Eric Hugh Findlay (Texas Bar No. 00789886)
                                             efindlay@findlaycraft.com
                                             FINDLAY CRAFT, PC
                                             102 N. College Ave – Suite 900
                                             Tyler, TX 75702
                                             Tel.:    (903) 534-1100
                                             Fax:     (903) 534-1137

                                             *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2021, I caused the foregoing document to be

electronically filed with the Clerk of the Court using CM/ECF.  All parties are represented by

registered CM/ECF users and will be served via the Court's CM/ECF system.


Dated: June 7, 2021                                      /s/ *James Batchelder*
                                                         James Batchelder