PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| SIPCO, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., RUCKUS WIRELESS, INC., ARRIS US HOLDINGS, INC., ARRIS ENTERPRISES LLC, and ARRIS SOLUTIONS, INC.<br><br>*Defendants*. | Case No. 5:20-CV-00168-RWS-CMC<br><br>**JURY TRIAL DEMANDED**<br><br>PUBLIC VERSION |

### PLAINTIFF SIPCO, LLC'S OPPOSED MOTION TO EXTEND THE DEADLINE TO AMEND INFRINGEMENT CONTENTIONS UNDER P.R. 3-1(g)

Pursuant to this Court's Patent Rule 3-1(g) and the Discovery Order (D.I. 36) ¶ 3(a), Plaintiff SIPCO, LLC ("SIPCO") has "until 30 days after source code for each Accused Instrumentality is produced by the opposing party[]" to "identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies that software limitations of the asserted claim elements."  The purpose of this rule is clear—to provide patent owners with access to the non-public source code before requiring them to disclose how accused software relates to the asserted claim elements.

SIPCO respectfully requests an extension of approximately three weeks to provide its amended infringement contentions pursuant to Patent Rule 3-1(g).  This extension is necessary because of delays caused by Defendants CommScope Holding Company, Inc., CommScope Inc., Ruckus Wireless Inc., ARRIS US Holdings, Inc., ARRIS Enterprises LLC, and ARRIS

Solutions, Inc.'s ("Defendants") unexplained refusal to provide even the most basic information about their source code, and by Defendants' use of Protective Order provisions as a way to impede SIPCO's review in violation of the spirit of the Protective Order—if not the actual provision requiring that Defendants "cooperate in good faith" and "not unreasonably hinder" SIPCO's review.

## I.   OVERVIEW

As this Court is undoubtedly aware, source code review is a highly technical, time consuming endeavor that requires parties to employ experts to analyze the source code.  In advance of any review, it is necessary for these experts to have at least a minimal understanding of the source code (*e.g*., a listing of the files at issue and which versions of source code relate to which accused products)) in advance of sending reviewers to analyze the code.  Without this basic information, it is not possible to know the amount of source code to be reviewed or the programming language, and therefore it is not possible to identify the correct individuals and tools to review the source code at issue, or to otherwise analyze the code in an efficient manner.  This type of information is typically provided as a courtesy.

Following Defendants' claim that they had produced source code at their local counsel's offices in Tyler, Texas, SIPCO requested this type of basic information—information that is readily available to Defendants—in order to insure that SIPCO had the most appropriate experts and the proper tools to review the code.  Defendants refused, insisting that SIPCO send its attorneys to review the source code to gather this information.  SIPCO also requested that Defendants make the source code available in Austin, Texas (where its source code reviewers are located) at the offices of Fish & Richardson, Defendants' counsel of record in the case.  Defendants refused, claiming that Fish & Richardson was no longer involved in this case in any

capacity, and then Defendants took the step of having Fish & Richardson withdraw from the case.

Defendants also used the Protective Order to create additional obstacles and delay SIPCO's review. When SIPCO disclosed each of the six individuals that might review source code on SIPCO's behalf, Defendants arbitrarily objected and claimed that this was too many individuals—despite the clear language in the Protective Order that all individuals within an expert's firm shall be considered a "single consultant or expert." While Defendants ultimately conceded, this back and forth substantially delayed SIPCO's ability to meaningfully review the source code. And the obstructive conduct continued, including Defendants' insufficient response to SICPO's interrogatory requesting that they identify the preinstalled firmware version to link the produced source code to each accused product. More than two months after SIPCO served its interrogatory, Defendants still have not provided this information.

In consideration of Defendants' conduct, and with the assurance that Defendants would provide information that would allow SIPCO to link the code and products, SIPCO requested that Defendants agree to a reasonable extension for SIPCO to provide their disclosures under P.R. 3-1(g). Defendants initially agreed on the basis that they be given a likewise extension to provide any responsive amendments to their invalidity contentions. But while the parties were preparing a joint motion to memorialize their agreement, Defendants changed the terms. Instead of providing amendments responsive to SIPCO's, Defendants demanded *carte blanche* authorization to amend their invalidity contentions for *any reason* and stated that they would oppose this motion absent SIPCO allowing Defendants to do so and with no explanation as to how SIPCO's request would burden Defendants in any way.

At bottom, despite SIPCO's diligence, Defendants have employed obstructionist conduct in an effort to restrict SIPCO's efficient, meaningful review of the code. This conduct amounts to good cause for SIPCO to have additional time to review the code and supplement its infringement contentions pursuant to P.R. 3-1(g). SIPCO asks that it have until two weeks from when Defendants provide a supplemental response to SIPCO's interrogatory sufficient to link the produced source code and accused products. Given that Defendants have promised to provide an attorney representation correlating the folders of source code to each accused product during the week of June 21, 2021 (*see* Ex. G at p. 2), SIPCO's request would amount to a modest two or three week extension of the original deadline.

## II.    FACTS

Defendants first represented that their source code was available for inspection in Tyler, Texas on May 18, 2021 at 7:27 PM Central Time. Ex. B, E-mail from E. Mann to SIPCO dated May 18, 2021. Subject to any deficiencies in Defendants' source code production, SIPCO's amended infringement contentions for each claim element that implicates software would be due on June 21, 2021.[1] D.I. 36 (Discovery Order) at ¶ 3(a); P.R. 3-1(g).

Under the Protective Order (D.I. 38) ¶ 10(e), SIPCO disclosed its source code reviewers on May 27, 2021 and asked Defendants to confirm they did not object to those reviewers by June 1, 2021 so that SIPCO could begin its review on that same date. Ex. C, E-mail from A. Gelsleichter to Defendants dated May 27, 2021. However, on May 28, 2021 Defendants arbitrarily objected that SIPCO had disclosed six source code reviewers rather than the no more than three allowed by the Protective Order (D.I. 38) ¶ 10(e). Ex. H, E-mail from D. Richards to SIPCO dated May 28, 2021. SIPCO responded that same day and noted that a consultant or

---

[1] 30 days following Defendants' production of source code would be Friday, June 18, 2021. However, the Federal holiday on June 18, 2021 moved the deadline to Monday, June 21, 2021.

4

expert's "direct reports and other support personnel…shall count as a disclosure to a single consultant or expert" under the Protective Order ¶ 10(e), n.2 and that "[a]ll of the disclosed individuals work for the same company to assist the main reviewer." Ex. I, E-mail from A. Gelsleichter to Defendants dated May 28, 2021. On June 2, 2021, SIPCO further confirmed that only one or two of the disclosed source code reviewers will testify or offer opinions in this case under the Protective Order (D.I. 38) ¶ 10(e), but Defendants did not withdraw their objections to SIPCO's source code reviewers until June 9, 2021. Ex. J, E-mail from A. Gelsleichter to Defendants dated June 2, 2021; Ex. K, E-mail from D. Richards to SIPCO dated June 9, 2021.

      SIPCO had also attempted to negotiate an alternative location for the production of source code at Fish & Richardson's office in Austin, Texas as a "good faith" reasonable accommodation to SIPCO's source code reviewers, also located in Austin, Texas. Ex. C, E-mail from A. Gelsleichter to Defendants dated May 27, 2021; D.I. 38 (Protective Order), ¶ 10(b) ("The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action."). Defendants refused, stating that Fish & Richardson was no longer involved in the case. Ex. H, E-mail from D. Richards to SIPCO dated May 28, 2021. At the time of SIPCO's request, Fish & Richardson was still Defendants' counsel of record in the case, and Fish & Richardson only withdrew on June 9, 2021, nearly two weeks after SIPCO's request. D.I. 51.

      Defendants also refused to provide a directory listing of the produced source code to SIPCO, stating that "[w]henever SIPCO comes to review the code, it is welcome to prepare printouts, pursuant to Paragraph 10(h), of the source directory structure on the drive." Ex. H, E-mail from D. Richards to SIPCO dated May 28, 2021. SIPCO explained that without such

information in advance, SIPCO's review of the source code would be unreasonably delayed as SIPCO would be unable to identify the programming language of the source code or make sure the right tools are installed on the computers for the review. Ex. L, E-mail from A. Gelsleichter to Defendants dated June 1, 2021. Defendants refused, again stating that "SIPCO is welcome to have its attorneys prepare the requested printout upon review of the code." Ex. M, E-mail from D. Richards to SIPCO dated June 7, 2021.

The parties conferred and, in light of all of the above issues, jointly agreed to file a motion for leave to extend the deadlines for SIPCO to amend its infringement contentions pursuant to P.R. 3-1(g) and for Defendants to provide their responsive supplemental invalidity contentions. Ex. N, E-mail from D. Richards to SIPCO dated June 3, 2021; Ex. O, E-mail from A. Gelsleichter to Defendants dated June 4, 2021. When the parties negotiated this agreement, Defendants never identified any proposed amendments to its invalidity contentions other than those made in response to SIPCO's amendments pursuant to P.R. 3-1(g). *Id.*

However, for the first time on June 16, 2021 after exchanging several versions of the proposed joint motion, SIPCO learned that the parties had a fundamental misunderstanding about the scope of the proposed joint motion. Specifically, Defendants stated their position that the parties' agreement was to allow SIPCO an additional three weeks to amend its infringement contentions pursuant to 3-1(g) and Defendants to amend their invalidity contentions for any reason whatsoever (*i.e.*, not limited to amendments in response to SIPCO's amendments pursuant to P.R. 3-1(g)) by August 13, 2021. Ex. P, E-mail from D. Richards to SIPCO dated June 16, 2021. Defendants' unreasonable interpretation of the parties' agreement effectively amounts to a nearly three month extension of the Court's deadline for Defendants to provide

6

invalidity contentions by May 18, 2021 (*see* D.I. 39 at p. 6) and violates P.R. 3-6(b) which requires Defendants to first show "good cause" for such amendments.

In an attempt to resolve the parties' misunderstanding and move forward with a joint motion for leave, SIPCO repeatedly attempted to understand the specific amendments that Defendants intended to make to their invalidity contentions beyond those made in response to SIPCO's source code amendments. Ex. Q, E-mail from A. Gelsleichter to Defendants dated June 17, 2021; Ex. R, E-mail from A. Gelsleichter to Defendants dated June 18, 2021.  Defendants refused to provide any specifics or further meet and confer, only providing generic references to "newly discovered references" and "an identification of a limitation as indefinite," and demanded that SIPCO confirm that it does not oppose Defendants' motion for leave before Defendants would disclose the specific proposed amendments (*i.e.*, the asserted patent and claim limitation for the new indefiniteness contention and the newly discovered references and the claim chart to which they will be added). Ex. S, E-mail from D. Richards to SIPCO dated June 18, 2021; Ex. T, E-mail from D. Richards to SIPCO dated June 18, 2021.  SIPCO refused to blindly agree not to oppose Defendants' motion for leave, and Defendants refused to agree to SIPCO's reasonable request, necessitating the instant opposed motion.

## III.     LEGAL STANDARDS

Pursuant to Federal Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015). "[T]rial courts

responsible for making the 'good cause' determination under Rule 16 enjoy 'broad discretion to preserve the integrity and purpose of the pretrial order.'" *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F.Supp.3d 541, 548 (E.D. Tex. 2018) quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

## IV. ARGUMENT

Based on SIPCO's diligence and numerous obstinate acts by Defendants in producing their source code and negotiating the proposed joint motion, SIPCO's requested extension of time to amend its infringement contentions is warranted.

### A. Defendants Refused to Provide a Minimal Information About the Source Code

In advance of its review, SIPCO requested a directory listing of the source code that Defendants made available for inspection when SIPCO first disclosed its source code reviewers pursuant to ¶ 5(e) of the Protective Order (D.I. 38). Ex. C, E-mail from A. Gelsleichter to Defendants dated May 27, 2021. The directory listing was required in advance of SIPCO's source code review for several reasons, including to understand the amount of source code data being produced (*i.e.*, the number of files and number of lines of code), to identify the programming language of the source code, and to confirm that the correct tools were installed on the computers for the review. Ex. A, Declaration of A. Gelsleichter at ¶ 21.

Defendants should have had in their possession a listing of the source code files that they made available for inspection. Indeed, it is inconceivable that Defendants did not know what source code they made available to SIPCO. But instead, Defendants failed to accommodate SIPCO's reasonable request for this information in Defendants' possession and forced SIPCO to send its source code reviewers from Austin, TX to Tyler, TX to generate the directory listing themselves. Ex. A, Declaration of A. Gelsleichter at ¶ 21; Ex. H, E-mail from D. Richards to

SIPCO dated May 28, 2021; Ex. M, E-mail from D. Richards to SIPCO dated June 7, 2021. This unreasonable conduct delayed SIPCO's review of the source code.

Moreover, the information that SIPCO requested would have revealed one of the very problems it sought to avoid. After SIPCO's source code reviewers obtained access to the computers, the reviewers found that the computers did not contain tools that were necessary to review certain source code files, for example ▮▮▮▮▮▮▮▮. Ex. A, Declaration of A. Gelsleichter at ¶ 21.

As a result of Defendants' failure to provide basic information necessary for SIPCO to efficiently review the source code, SIPCO should be given additional time to amend its contentions to incorporate the source code and is entitled to its costs and fees incurred from forcing SIPCO's source code reviewers to travel to Tyler, Texas to generate the directory listing of source code files to determine which tools were necessary to review Defendants' source code.

**B.    Defendants' Deficient Interrogatory Response Has Prevented SIPCO from Correlating the Produced Source Code to Each Accused Product**

SIPCO's Interrogatory No. 1 asked Defendants to identify the preinstalled firmware version for each accused product. Ex. D, SIPCO's First Set of Interrogatories to Defendants dated April 15, 2021. This information is necessary to allow SIPCO's source code reviewers to link up the firmware to the accused products.

Defendants served their response to Interrogatory No. 1 on May 27, 2021,[2] but Defendants' response was deficient. Specifically, Defendants did not provide any substantive response to Interrogatory No. 1 and relied only on produced documents pursuant to Rule 33(d).

---

[2] SIPCO agreed to Defendants' request for a 10-day extension to respond to SIPCO's first set of interrogatories. Ex. A, Declaration of A. Gelsleichter at ¶ 23.

Ex. E, Excerpt from Defendants' Objections and Responses to SIPCO's First Set of Interrogatories dated May 27, 2021.

SIPCO sent a letter to Defendants regarding this and other deficiencies on June 4, 2021. Ex. F, Letter from A. Gelsleichter to Defendants dated June 4, 2021. On June 11, 2021, the parties held a meet and confer, and SIPCO explained that in light of Defendants' deficient response to Interrogatory No. 1 its source code reviewers have been unable to link the produced source code to specific accused products. Ex. A, Declaration of A. Gelsleichter at ¶ 22. Defendants agreed to supplement their response to Interrogatory No. 1, but would not provide a date certain to do so. *Id*.

On June 14, 2021, Defendants sent a letter stating "Defendants agree to instead provide an attorney representation about which folders of code are relevant to each accused product based on counsel's current understanding, and will aim to provide that information to SIPCO next week." Ex. G, Letter from D. Richards to SIPCO dated June 14, 2021. As of the filing of this motion, Defendants still have not supplemented their response to Interrogatory No. 1 or otherwise provided information that would allow SIPCO to link the produced source code to specific accused products. Ex. A, Declaration of A. Gelsleichter at ¶ 22. Defendants' failure to timely respond to SIPCO's Interrogatory No. 1 or otherwise provide this information constitutes good cause to extend the deadline for SIPCO to amend its infringement contentions pursuant to P.R. 3-1(g).

**V.     CONCLUSION**

In view of the foregoing, SIPCO respectfully requests that the Court extend the deadline for SIPCO to amend its infringement contentions under P.R. 3-1(g) until two weeks from when Defendants provide a supplemental response sufficient to link the produced source code and

PUBLIC VERSION

accused products and award SIPCO its costs and fees for having to send its source code reviewers to obtain information in Defendants' possession that was necessary to review the produced source code.

Dated: June 21, 2021      By:   */s/ Michael J. Word*

             Geoff Culbertson
             Kelly Tidwell
             PATTON, TIDWELL & CULBERTSON, LLP
             2800 Texas Boulevard (75503)
             Post Office Box 5398
             Texarkana, TX 75505-5398
             Telephone: (903) 792-7080
             Facsimile: (903) 792-8233
             gpc@texarkanalaw.com
             kbt@texarkanalaw.com

             James A. (Tripp) Fussell
             Jamie B. Beaber
             Alison T. Gelsleichter
             Sen (Alex) Wang
             MAYER BROWN LLP
             1999 K Street, N.W.
             Washington, D.C. 20006
             Telephone: (202) 263-3000
             Facsimile: (202) 263-3300
             jfussell@mayerbrown.com
             jbeaber@mayerbrown.com
             agelsleichter@mayerbrown.com
             awang@mayerbrown.com

             Michael J. Word
             Luiz Miranda
             MAYER BROWN LLP
             71 S. Wacker Drive
             Chicago, Illinois 60606
             Telephone: (312) 782-0600
             Facsimile: (312) 701-7711
             mword@mayerbrown.com
             lmiranda@mayerbrown.com

             Cliff A. Maier
             Gray Buccigross
             MAYER BROWN LLP
             Two Palo Alto Square

PUBLIC VERSION

>Suite 300
>3000 El Camino Real
>Palo Alto, CA 94306
>Telephone: (650) 331-2000
>Facsimile: (650) 331-2060
>cmaier@mayerbrown.com
>gbuccigross@mayerbrown.com
>
>*Attorneys for Plaintiff SIPCO, LLC*

PUBLIC VERSION

## CERTIFICATE OF SERVICE

I hereby certify that as of this day all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

Dated: June 21, 2021    */s/ Michael J. Word*
                       Michael J. Word

## CERTIFICATE OF CONFERENCE

I certify that Plaintiff SIPCO, LLC has complied with the requirements of Local Rule CV7(h). This motion is opposed. Specifically, the parties discussed the instant motion numerous times via e-mail between June 2, 2021 and June 18, 2021 and on a teleconference held June 11, 2021. Tripp Fussell, Michael Word, Geoff Culbertson, and Alison Gelsleichter attended the teleconference on behalf of SIPCO, and Eric Findlay, James Batchelder, and Daniel Richards attended on behalf of Defendants. SIPCO also requested a meet and confer on June 17, 2021, but Defendants did not agree to meet and confer at that time. The parties were not able to come to agreement on the above motion, and as such, the meet and confer process ended in an impasse.

*/s/ Michael J. Word*
Michael J. Word